IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CANOPY CORPORATION AND DAVID E. JORGENSEN,**<br><br>    Plaintiff,<br><br>vs.<br><br>**SYMANTEC CORPORATION,**<br><br>    Defendants. | **ORDER**<br><br>Case No. 2:04CV629DAK |

This matter is before the court on the motions in limine not ruled on by the court during the hearing set for motions in limine on November 4, 2005. After considering the materials submitted by the parties and the arguments made at the hearing, the court enters the following order.

1.  **Symantec's Motion for Preliminary Ruling Admitting Electronic Shipping and Assembly Data and Canopy's Motion in Limine to Exclude Assembly and Order Data**

    As a basis for its damages calculation, Symantec seeks to admit its shipping and assembly data after it discontinued using Canopy because it demonstrates that the amount of business going to Canopy would have declined. Canopy wants the information excluded because it asserts that Symantec untimely provided its foundation for the information.

    Canopy contends that the data are not business records. However, the court concludes that the information constitutes business records produced in the ordinary course of business. "Computer data compilations may constitute business records for purposes of Rule 803(6)."

*United States v. Hernandez*, 913 F.2d 1506, 1512 (10th Cir. 1990).  "[S]o long as the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice, the fact that the hard copy offered as evidence was printed for purposes of litigation does not affect its admissibility." *Id.* at 1512-13.  The shipping and assembly data constitutes business records that are admissible pursuant to Rule 803(6) provided that a proper foundation is established.

Furthermore, the court concludes that Symantec has established a foundation for the data through two 30(b)(6) depositions and written declarations.  John Sorci, Symantec's Vice President of Worldwide Operations testified at two depositions about the Oracle system used to track all of Symantec's orders, shipping data, and financial information.  In addition, Symantec has provided, pursuant to Rule 902(11)-(12), the written declarations of Neil O'Brien from its Dublin facility and Rosa Hurtado from DCL, who were personally involved in compiling the data.  Symantec will also make these declarants available to testify at trial.

Although Canopy asserts that the declarations are untimely, they were provided in advance of trial and Symantec offered to make the witnesses available for telephonic deposition if necessary to alleviate concerns regarding expense.  Canopy contends that it did not have the resources to take the depositions, even telephonically.  This assertion, however, is a tactical decision on Canopy's part.  Obviously, it is going to great expense to litigate this case to trial.  The issue of how the data Symantec seeks to introduce was queried, compiled, created, and recorded could have been easily resolved through a deposition.  The declarations have been provided sufficiently in advance of their offer into evidence to provide an fair opportunity to challenge them as required by Rule 902(11)-(12).

To the extent that Symantec has offered to make these witnesses available at trial,

Canopy will have an opportunity to cross examine them. The court would also allow Canopy an opportunity to take a one hour deposition of each declarant before the date of their testimony.

Canopy also claims that Symantec has excluded 300,000 Ghost 9.0 products which are just an iteration of a prior PowerQuest product and that exclusion demonstrates that Symantec's data is subjective. However, this is a factual dispute. Canopy's arguments go only to the weight to be given to the data used, not its admissibility.

Therefore, the court denies Canopy's motion in limine to exclude assembly and order data and grants Symantec's motion for preliminary admission of this information. However, these witnesses should be available for cross examination.

2.      **Plaintiff's Motion in Limine to Exclude Testimony of Richard Hoffman Based Upon Regression Analyses Performed By Others**

Canopy seeks to exclude the Rick Hoffman's testimony regarding a regression analysis performed by another individual in his office, Ted Tatos. Hoffman's undergraduate degree is in accounting and he had only one class in statistics. However, Hoffman is qualified to testify under Rules 702 and 703 based on facts and data that are reasonably relied upon by experts in the damages analysis field. Hoffman is a recognized damages expert, has fourteen years of experience as a testifying expert, and teaches methodologies of calculating damages. He testified that he is capable of doing regression analysis. Hoffman does not need to be an expert statistician to speak to the damages in this case or the role of the regression analysis in his damages analysis.

Furthermore, Tatos performed the regression analysis at Hoffman's direction. Rule 703 allows an expert to rely on any facts or data or opinions that are otherwise inadmissible. The advisory committee notes to Rule 702 state that "the term "data" is intended to encompass the reliable opinions of other experts." Canopy improperly relies on cases where

the person had no qualifications as an expert.  Hoffman is qualified to testify.

Canopy's criticisms go to the weight of Hoffman's testimony.  "A lack of detailed expertise affects the credibility of the expert witness's testimony, rather than its admissibility." Weinstein's Federal Evidence § 702.04.  To the extent that Hoffman could have a better understanding of regression analysis, it goes to the weight to be given his testimony and can be exposed on cross examination.

Canopy further contends that Tatos should have been identified as an expert.  Symantec was not required to disclose Tatos under Rule 26 because Tatos is not a testifying expert.  Hoffman's report openly discloses that he used Tatos to perform the regression analysis.  Five months ago, Canopy indicated that it may need to depose Tatos but it aparetnly decided against it.  Canopy's decision not to depose Tatos is not a basis for excluding Hoffman's testimony.  Moreover, Canopy can still subpoena Tatos to testify at trial.

Finally, Canopy argues that Hoffman's report is incomplete because it excludes relevant PowerQuest software products that should have been included in Symantec's assembly and order fulfillment data.  Again, the dispute with respect to whether Ghost should have been included in the analysis is a factual dispute.  Canopy's arguments regarding Ghost go to the weight of the evidence, not its admissibility.

Accordingly, Canopy's Motion In Limine to Exclude the Testimony of Richard Hoffman Based Upon Regression Analyses Performed By Others is denied.

**3.     Symantec's Motion to Exclude Proposed Expert Testimony of David Jorgensen Regarding Purported Damages Under Promissory Estoppel and Unjust Enrichment Claims.**

Although Canopy recognizes that the Court's order on the summary judgment motion dismissing these claims renders much of Symantec's present motion irrelevant, it asserts that

under the breach of contract claim it is still entitled to reliance damages if its expectation damages are uncertain. Symantec argues that Canopy's expectation damages can be reasonably calculated, to the extent there are any, and Canopy is not entitled to reliance damages.

While there is a preference for expectation damages in the traditional law of contract remedies, reliance damages are an alternative in certain cases. "This is especially so where an injured party is entitled to recover for breach of contract, but recovery based on traditional notions of expectation damages is clouded because of the uncertainty in measuring the loss in value to the aggrieved contracting party." *ATACS Corp. v. Trans World Communications, Co.*, 155 F.3d 659, (3rd Cir. 1998). "Thus, where a court cannot measure lost profits with certainty, contract law protects an injured party's reliance interest by seeking to achieve the position that it would have obtained had the contract never been made, usually through the recovery of expenditures actually made in performance or in anticipation of performance." *Id.*

Canopy acknowledges that it is not entitled to recover both types of damages. It seeks, however, to have both types of damages to go to the jury. In this case, both parties have experts calculating Canopy's potential expectation damages. Obviously, the parties differ as to how to calculate the expectation damages, but such differences are not the result of some factor that clouds the ability to measure such damages. It is not a case, like *ATACS*, where the parties cannot compute their expectation damages because of the failure to agree to a price term. Although there may be some uncertainty as to product sales and order numbers if the Agreement had remained in place, that type of uncertainty does not require a consideration of reliance damages. Therefore, this court concludes that there is no need for testimony from David Jorgensen regarding purported reliance damages or damages under promissory estoppel and unjust enrichment claims.

Accordingly, Symantec's Motion to Exclude Proposed Expert Testimony of David Jorgensen Regarding Purported Damages Under Promissory Estoppel and Unjust Enrichment Claims is granted.

DATED this 4th day of November, 2005.

_____
DALE A. KIMBALL,
United States District Judge