IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CANOPY CORPORATION AND DAVID E. JORGENSEN,**<br><br>  Plaintiffs,<br>vs.<br><br>**SYMANTEC CORPORATION,**<br><br>  Defendant. | **ORDER**<br><br>**2:04CV629DAK**<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Objection to Plaintiffs' Proposed Form of Judgment, Defendants' Motion For Costs, Defendant's Objections to Plaintiff's Bill of Costs, and Plaintiff's Objection to Defendant's Form of Judgment. The court does not believe that a hearing will significantly aid in its determination of these matters. Therefore, the court renders the following Order based on the materials submitted by the parties.

### DISCUSSION

**I.  Objections to Form of Judgment**

The parties dispute what is required to be in the Judgment. Defendants assert that the judgment should include the disposition of each of the claims asserted in Plaintiffs' Amended Complaint and each of the findings rendered by the jury on the Special Verdict Form. Plaintiffs do not believe that the court's dismissal of three of its claims on summary judgment needs to be included, nor do they believe that each of the jury's findings on the Special Verdict Form needs to be included.

Rule 58 of the Federal Rules of Civil Procedure states that "[e]very judgment and amended judgment must be set forth on a separate document." This rule has been interpreted to "require that there be a judgment set out on a separate document – distinct from any opinion or memorandum – which provides the basis for the entry of judgment." *United States v. Clearfield State Bank*, 497 F>2d 356, 359 (10th Cir. 1974). The final judgment should "specify the disposal of all the claims and the relief to which the prevailing parties are entitled." *See Stamatakis Indus. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 384 (7th Cir. 1991).

This court has not entered a judgment on the claims it dismissed on summary judgment. Therefore, such rulings must be reflected in a judgment that is separate and distinct from the summary judgment order. The court also concludes that the judgment should reflect the jury's ruling on the breach of contract causes of action. Although Plaintiffs assert that the Judgment need not reflect that the jury found in favor of Symantec on the claim regarding the term or duration of the contract, the court disagrees. Plaintiffs' different theories for breach are, in essence, different claims. The disposition of each of those claims should be reflected in the Judgment.

The court also finds that the Judgment should reflect which claims each of the parties prevailed upon, but it need not declare one party the prevailing party. Because of the mixed results in this case, the court concludes more fully below that costs should not be awarded to either party. The Judgment, therefore, will reflect this conclusion even though requests for fees and costs generally are not due until twenty days after the entry of final judgment. *See* DUCivR 54-2(a). Accordingly, the court declines to enter either party's proposed from of judgment of the court will prepare and enter its own Judgment.

**II. Award of Costs to Prevailing Party**

Because both parties have fully briefed the issue of costs, the court will decide the issue even though costs generally are not considered until after the entry of final judgment. *See* DUCivR 54-2(a). Both parties in this case contend that they are the prevailing party and entitled to costs. Plaintiffs contend that they are the prevailing party because they were successful on the issue regarding whether the Agreement was still in existence, they were successful on their claim for breach of the sixty-day written notice provision of the Agreement, and they were awarded $16,746 by the jury. Defendant claims that it is the prevailing party because the court dismissed three of Plaintiffs' claims at the summary judgment stage and it prevailed on the most significant issue that went before the jury—Plaintiffs' claim for breach of the term provision of the Agreement.

Rule 54(d) provides the general rule that costs are allowed as a matter of course to the prevailing party unless the court directs otherwise. Fed. R. Civ. P. 54(d). It is within the discretion of the district court, however, whether to award costs to a prevailing party. *Zeran v. Diamond Broad., Inc.,* 203 F.3d 714, 722 (10th Cir. 2000). The court's discretion is limited in two ways. "First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. Second, the district court must provide a valid reason for not awarding costs." *Id.* The court may deny costs when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult. *Id.*; *see also*, *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir.1990) (upholding district court's exercise of discretion where "both parties have 'prevailed' on at least one claim."); *Johnson v.*

3

*Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir.1980) ("Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in ordering each party to bear its own costs.").

The results in this case were clearly mixed. Both parties were partially successful. Both prevailed on at least one claim. Although Plaintiffs attempt to assert that this court determined that it was the prevailing party from the bench after the jury verdict was read, the court made no ruling at that time. The court merely indicated that Plaintiffs could submit their briefing on the issue and Defendants then responded that they would also file appropriate briefing. It should have been obvious to everyone involved with the case that the result was split and the issue regarding the prevailing party would need to be addressed. Under these circumstances, the court exercises its discretion and denies an award of costs to either party. Because the court concludes that neither party is entitled to an award of costs, the court need not address the reasonableness of the parties' requests for costs.

## CONCLUSION

Based on the above reasoning, Defendant's Objections to Plaintiffs' Proposed Form of Judgment and Plaintiff's Objection to Defendant's Form of Judgment are GRANTED IN PART AND DENIED IN PART. The court will enter its own Judgment. In addition, Defendant's Motion for Costs is DENIED as is Plaintiffs' Bill of Costs. Accordingly, Defendant's Objections to Plaintiffs' Bill of Costs is MOOT.

DATED this 17th day of January, 2006.

_____
Dale A. Kimball,
United States District Judge